# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MILES R. HENDERSON,**
        **Plaintiff,**

   v.                                                      Case No. 08C0839

**U.S. BANK, N.A.,**
        **Defendant.**

---

## DECISION AND ORDER

On September 12, 2008, plaintiff Miles R. Henderson commenced this action seeking a declaratory judgment stating that a confidentiality and non-solicitation agreement he signed with defendant U.S. Bank is unenforceable. On January 20, 2009, defendant answered the complaint and filed numerous counterclaims, including various conspiracy, computer fraud, theft, and tortious interference claims. Before me now is plaintiff's motion to stay all litigation concerning defendant's counterclaims pending resolution of a motion for judgment on the pleadings that plaintiff plans to file in the near future. Whether a stay is appropriate is a matter committed to my discretion pursuant to a court's inherent authority to control its own docket. See, e.g., Landis v. North American Co., 299 U.S. 248, 254-55 (1936).

I am not sure why plaintiff believes that a stay is appropriate. Plaintiff argues that without a stay of litigation concerning the counterclaims, plaintiff will not be able to obtain a timely ruling on his motion for judgment on the pleadings, which he believes will resolve his challenge to the non-solicitation agreement. But I cannot envision any reasonably-likely set of circumstances under which a ruling on plaintiff's motion would be delayed by

litigation concerning defendant's counterclaims. Because plaintiff's motion will be based solely on the pleadings, plaintiff needs no discovery; thus, discovery on defendant's counterclaims will not obstruct plaintiff's ability to file his motion. Likewise, discovery on the counterclaims will not interfere with the court's ability to decide the motion, since the court expects to be left out of the discovery process. Further, plaintiff does not contend that he lacks the resources to file briefs in support of his motion while simultaneously participating in discovery. Nor does he argue that resolution of his motion will render moot any of defendant's counterclaims, and so a stay will not conserve the parties' or the court's resources. In short, I can detect no reason to impose a stay. Plaintiff may file his motion for judgment on the pleadings whenever he wishes, and the court will decide it within a reasonable time after it is fully briefed. In the meantime, the parties may conduct discovery on any matter pursuant to the existing scheduling order.

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for a partial stay of the proceedings is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24 day of February, 2009.

/s_____
LYNN ADELMAN
District Judge