# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MILES R. HENDERSON,**
        Plaintiff-Counterclaim Defendant,

   v.                                    Case No. 08C0839

**U.S. BANK, N.A.,**
        Defendant-Counterclaim Plaintiff,

   v.

**BRIAN VERSEY and**
**MAIN STREET INVESTMENT MANAGEMENT, LLC,**
        Counterclaim Defendants.

## DECISION AND ORDER

Plaintiff Miles R. Henderson commenced this action and contends that a confidentiality and non-solicitation agreement that he signed with his former employer, defendant U.S. Bank, is unenforceable. On January 20, 2009, U.S. Bank answered the complaint and filed counterclaims against Henderson, Brian Versey (another former U.S. Bank employee), and Main Street Investment Management, LLC (a firm started by Henderson and Versey). Defendant contends that counterclaim defendants misappropriated U.S. Bank's confidential information and have used that information to compete with U.S. Bank. Defendant further contends that plaintiff has solicited a U.S. Bank customer in violation of the non-solicitation agreement. Before me now is defendant's motion to compel production of certain electronic devices and several procedural matters.

On February 27, 2009, U.S. Bank served counterclaim defendants with requests for production of electronic devices pursuant to Federal Rule of Civil Procedure 34. U.S. bank requested:

1. All desktop, laptop or other computers used by [counterclaim defendants] from September 1, 2007 through the present;

2. All hard drives, flash drives, pen drives, thumb drives, DVDs, CDs and other similar electronic storage devices used by [counterclaim defendants] from September 1, 2007 through the present; and

3. All passwords, access codes and similar security-related codes to access any and all files on the items set forth in numbers 1 and 2 above.

(Fulton Aff. Ex. A.) The requests for production stated that U.S. Bank would have its consultant duplicate the electronic devices and make "images" of the hard drives. The original devices would be returned to counterclaim defendants, along with copies of the images. U.S. Bank stated that it would stipulate to measures to protect confidential information stored on the devices, and stated that it was not seeking information protected by the attorney-client privilege.

Counterclaim defendants objected to these requests on the ground that they are overbroad, arguing that U.S. Bank has essentially requested <u>all</u> of counterclaim defendants' electronically stored information, and that such a request is the e-discovery equivalent of requesting all of counterclaim defendants' filing cabinets. Rather than making such an unlimited request, argue counterclaim defendants, U.S. Bank must ask for specific categories of electronically-stored information and allow counterclaim defendants an opportunity to search their own electronic devices and produce responsive information. U.S. Bank refuses to narrow its requests and has filed the present motion to compel.

2

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." U.S. Bank wants to search counterclaim defendants' electronic information so that it can determine whether they have stolen and are using U.S. Bank's confidential information. Whether counterclaim defendants possess U.S. Bank's confidential information is a matter that is relevant to U.S. Bank's counterclaims, and thus Rule 34 allows U.S. Bank to request electronically-stored information that might indicate whether they possess any such information and, if so, how they are using it. However, although U.S. Bank is entitled to request and review this information, Rule 34(a) does not give U.S. Bank the right to conduct its own search of the electronic devices. Rather, "[l]ike the other discovery rules, Rule 34(a) allows the responding party to search his records to produce the required, relevant data." In re Ford Motor Co., 345 F.3d 1315, 1317 (11th Cir. 2003). Thus, U.S. Bank cannot simply request all of counterclaim defendants' electronically-stored information and search it at will. It must instead request specific categories of information and allow counterclaim defendants an opportunity to search their own data and produce responsive materials.

I note that in some circumstances it may be appropriate to allow a requesting party direct access to a responding party's electronically-stored data, such as where the court has cause to believe that a responding party has concealed information or lacks the expertise necessary to search and retrieve all relevant data, including metadata or residual data. Id. at 1317; Fed. R. Civ. P. 34 advisory committee's note (comment on 2006 amendments to Subdivision (a), penultimate paragraph) ("The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is

3

not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances."). In the present case, I have no reason to think that counterclaim defendants would not perform a diligent search of their electronic information and disclose any and all responsive information. Should U.S. Bank have any doubts about counterclaim defendants' ability to search their own electronic files, it can depose counterclaim defendants after they have responded to U.S. Bank's specific requests and question them about their retrieval efforts. Any deficiencies can be addressed between counsel or, if necessary, pursuant to a subsequent motion to compel.

As discussed, U.S. Bank has not identified any specific electronic information for production, and thus counterclaim defendants have not had the opportunity to search their own electronic devices and produce responsive materials. Accordingly, U.S. Bank's demand for direct access to electronic materials is premature, and its motion to compel will be denied.

I must discuss one other matter. As required by the scheduling order, U.S. Bank filed its motion to compel pursuant to Civil Local Rule 7.4. Under that rule, counterclaim defendants were required to file their brief in opposition to the motion within five days, and the brief was to be limited to three pages. However, they did not file their brief on time and it exceeded the page limit. They did file a motion asking for additional time to file their brief (though not pursuant to Civil Local Rule 7.4, as required), but I had not ruled on the motion by the time the brief was due, and in any case the motion did not request permission to file a brief in excess of the page limit. Although I routinely grant requests for extensions and to exceed page limits and normally do not rigorously enforce the local rules, I find that

4

counsel for plaintiff and counterclaim defendants have taken too many liberties in the present case. Not only have they disregarded the local rules and the scheduling order in connection with the present motion, they have exhibited similar behavior in connection with the pending motion for judgment on the pleadings. In support of that motion, counsel filed a twenty-page reply brief, which is five pages longer than the local rules allow. Although counsel filed a contemporaneous motion for leave to file a brief that "modestly exceeds" the fifteen-page limit (Mot. to Extend Page Limit at 1),[*] the brief obviously has been doctored to appear shorter than it really is. For example, counsel included arguments in a page-long footnote and a number of single-spaced, bullet-point paragraphs. Although no local rule prohibits the use of long footnotes or single-spaced paragraphs, the court estimates that had the arguments appearing in these sections been included in traditional, double-spaced text, the brief would have exceeded the page limit by ten pages. Had counsel been forthright about their brief's length, I likely would have granted their request to exceed the page limit without further ado. As it stands, however, the brief adds to my concerns about counsel's disregard for the local rules and scheduling order.

      Despite counsel's conduct, I will grant their pending requests. But I caution counsel for plaintiff and counterclaim defendants that they must from now on follow the local rules and scheduling order to the letter. Any requests to depart from the local rules or scheduling order must be made by motion under Rule 7.4. If a motion to depart is pending at the time a brief or other paper is due, counsel should assume that the motion will not be

---

[*] Pursuant to the scheduling order, this motion should have been, but was not, filed pursuant to Civil Local Rule 7.4.

granted and must comply with the rule or scheduling order as written. I will impose sanctions for any future violations.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendant's motion to compel is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a reply brief in excess of the page limit is **GRANTED**.

**FINALLY, IT IS ORDERED** that counterclaim defendants' motion for extension of time to respond to defendant's motion to compel is **GRANTED**.

All parties shall bear their own costs and fees.

Dated at Milwaukee, Wisconsin, this 29 day of April, 2009.


/s_____
LYNN ADELMAN
District Judge